### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

CHRISTINA SPARKS,

    *Plaintiff*,

    v.

TRANSIT MANAGEMENT OF
CENTRAL MARYLAND, INC.,

    *Defendant*.

Civil Action No.  ELH-21-1598

### MEMORANDUM

In this employment discrimination case, Christina Sparks, the self-represented plaintiff, filed suit on June 30, 2021, against defendant Transit Management of Central Maryland, Inc. ("TMCM" or "Transit").  ECF 1.   In an Order of July 13, 2021, the Court noted a deficiency in the Complaint and directed plaintiff to file an Amended Complaint, due within 28 days.  ECF 2. A few weeks later, on August 3, 2021, plaintiff filed an Amended Complaint.  She asserts violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. (the "ADA");  the Health Insurance and Portability Accountability Act, 42 U.S.C. §§ 1320d *et seq*.; and the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*.  ECF 3.  In addition, plaintiff claims that TMCM is liable for unspecified unfair labor practices and "malicious attempts at constructive discharge." *Id*.  The Amended Complaint is supported by an exhibit.  *See* ECF 3-1.

This Memorandum resolves defendant's motion to dismiss the case for failure to effect service, pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5).  ECF 8.

### I.     Background

In broad strokes, Sparks claims that she was subjected to a hostile work environment throughout her term of employment with TMCM, which caused her "a tremendous amount of

stress" and "significant loss." ECF 3 at 6. For these alleged injuries, plaintiff states that she seeks "compensatory and punitive damages in the amount of $175,000." *Id.* at 8.

The Equal Employment Opportunity Commission ("EEOC") issued a "Dismissal and Notice of Rights" letter on April 20, 2021, advising plaintiff of her to right to pursue her Title VII and ADA claims in court. *See* ECF 3-1 at 1 (the "Right to Sue Letter"). The Right to Sue Letter cautioned that failure to do so within 90 days would preclude plaintiff from later asserting claims under these statutes arising out of the conduct described by plaintiff in the Charge submitted by her to the EEOC. *Id.*

On August 9, 2021, I issued an Order directing plaintiff to effect service on defendant within 90 days. *See* ECF 4. The Order explained the obligation of plaintiff to "effectuate service by presenting summons to the Clerk . . . and then serving a copy of the summons and Amended Complaint on Defendant." *Id.* at 1. I noted that "the person effecting service of the summons and Amended Complaint must promptly notify the Court, through an affidavit, that he or she has served Defendant.[1]" *Id.* Moreover, I specified that because Transit is a corporation, plaintiff must effectuate service as outlined under Fed. R. Civ. P. 4(h). *Id.* The Order also said: "Plaintiff may contact the office of the State Department of Assessments and Taxation at (410) 767-1330 or visit the website at http://egov.maryland.gov/BusinessExpress/EntitySearch to obtain the name and service address for the resident agent of a corporate defendant as may be appropriate." *Id.* at 1-2. And, I advised that if plaintiff "use[d] certified mail, restricted delivery, return receipt requested to make service, [she] must file with the Clerk the United States Post Office acknowledgment as proof of service." *Id.* at 1 n.2. In addition, I warned: "If there is no record that service was effectuated on Defendant, Plaintiff risks dismissal of this case." *Id.* at 2.

Plaintiff did not file any documentation regarding her attempts to effect service on TMCM over the following month. By Order of September 13, 2021, I granted plaintiff twenty-one days to show cause why service had not yet been effectuated. ECF 6 (the "Show Cause Order"). And, I again cautioned that plaintiff's failure to comply with the Order would subject the Amended Complaint to dismissal. *Id.*

But, as noted, plaintiff did not file the Amended Complaint until August 3, 2021. Accordingly, plaintiff had until November 1, 2021, to effect service on defendant, in accordance with Fed. R. Civ. P. 4(m). Thus, the Show Cause Order, issued on September 13, 2021, was premature. *See* Local Rule 103.8(a) (indicating that where "a party demanding affirmative relief has not effected service of process within ninety (90) days of filing the pleading seeking affirmative relief, the Court may enter an order asking the party to show cause why the claim should not be dismissed").

On September 21, 2021, plaintiff docketed copies of two United States Postal Service return receipts. *See* ECF 7. The first reflected that an entity named Regional Transportation Agency of Central Maryland ("RTA" or "Regional") received a mailing from plaintiff at the address of 8800 Corridor Road, Annapolis Junction, Maryland 20701 *See id.* The second indicated that plaintiff sent a mailing to "The Corporation Trust, Inc." ("Corporation Trust") at 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264. *See id.*

One week later, on September 28, 2021, TMCM filed a motion to dismiss the Amended Complaint for insufficient process and insufficient service of process. *See* ECF 8. It is supported by a memorandum of law (ECF 8-1) (collectively, the "Motion") and two exhibits (ECF 8-2; ECF 8-3). Notably, the Motion was filed almost one month before the Rule 4(m) deadline.

Defendant indicates that one of the return postal receipts "appears to relate to the mailing that Regional received at its Annapolis Junction facility," but defendant notes that its principal office is in Savage, Maryland, and not Annapolis Junction.  ECF 8-1 at 2.  And, TMCM avers that the other return receipt reflects a mailing to Corporation Trust, its resident agent, but there are several defects reflected on the receipt, discussed *infra*.  *Id.*  Thus, defendant claims that neither mailing properly effected service.  *See* ECF 8-1 at 3-6.  Moreover, TMCM posits that dismissal of the Amended Complaint is warranted because plaintiff has not complied with the Show Cause Order.  ECF 8-1 at  6.

Sparks opposes the Motion.  *See* ECF 10 (the "Opposition").  But, she acknowledges that she only served the summons on Regional and Corporation Trust.  *Id.* at 1.  Further, plaintiff indicates that she "requested a two [sic] new summons from the Court on October 12, 2021."  *Id.* And, she asks the Court to grant her "an extension" so that she can "correct [her] mistake and properly serve defendant with the new summons and amended complaint."  *Id.*

Defendant has replied, contending that plaintiff's submissions fail to justify her noncompliance with the Federal Rules of Civil Procedure and the Show Cause Order.  *See* ECF 11 (the "Reply").  In its view, this merits the dismissal of the Amended Complaint, with prejudice. *Id.* at 2-4

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.  For the reasons that follow, I shall deny the Motion, without prejudice.

## II.  Discussion

Transit has moved to dismiss for insufficient process and insufficient service of process, pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service

of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (citation omitted).

Fed. R. Civ. P. 12(b) provides that, before submitting a responsive pleading, a defendant may move to dismiss a complaint for "(4) insufficient process" or "(5) insufficient service of process." Generally, "[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service," and a "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery[ ] of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004, Supp. 2016); *see Archie v. Booker*, DKC-14-0330, 2015 WL 9268572, at *2 (D. Md. Dec. 21, 2015).

Service of process is "fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Failure to effect proper service of process deprives the court of personal jurisdiction over a defendant. *See, e.g., Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *FDIC v. Schaffer*, 731 F.2d 1134, 1135– 36 (4th Cir. 1984). And, a pro se litigant must adhere to the Federal Rules of Civil Procedure. *See, e.g.*, *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Hansan v. Fairfax Cty. Sch. Bd.*, 405 Fed. App'x 793, 794 (4th Cir. 2010) (per curiam); *Danik v. Hous. Auth. of Balt. City*, 396 Fed. App'x 15, 16–17 (4th Cir. 2010) (per curiam).

Analysis under Rule 12(b) implicates Fed R. Civ. P. 4. "Once service has been contested," as here, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006); *see Baylor v. Wegman's Food Market Inc.*, WDQ-14-3330, 2015 WL 4396609, at *1 (D. Md. July 16, 2015). Thus, Sparks bears

the burden of showing that service has been properly effected. *See Scott v. Md. State Dep't of Labor*, 673 Fed. App'x 299, 304 (4th Cir. 2016) (per curiam).

Fed. R. Civ. P. 4(c)(1) mandates that a "summons must be served with a copy of the complaint." *See Danik,* 396 Fed. App'x at 16 ("A federal rules require that a defendant be served with the complete pleading and a copy of the summons."). And, "[t]he plaintiff is responsible" for service within the time provided by Rule 4(m). *Id.*

Rule 4(h)(1) specifies that a plaintiff may effect service on a corporation "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or "in the manner prescribed by Rule 4(e)(1) for serving an individual." And, Rule 4(e)(1) specifies that a plaintiff serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Judge Quarles explained in *Baylor* (citing Md. Rule 2-124(d)):

Service [in Maryland] is made upon a corporation . . . by serving its resident agent, president, secretary, or treasurer. If the corporation . . . has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process.

In addition, Maryland law permits service by mailing the summons and complaint to the person to be served by certified mail, requesting Restricted Delivery, so as to show who was served, the date, and the address of delivery. *Baylor*, WDQ-14-3330, 2015 WL 4396609, at *2. (citing Maryland Rule 2-121(a)). And, pursuant to Rule 4(l), a plaintiff must submit proof of service "by the server's affidavit." But, "[f]ailure to prove service does not affect the validity of service," and "[t]he court may permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3).

Notably, insufficient service of process does not always necessitate dismissal.  *See Pugh v. E.E.O.C.*, DKC-13-2862, 2014 WL 2964415, at *3 (D. Md. June 30, 2014)).  Of import here, "when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally." *Miller v. Baltimore City Bd. Of Sch. Comm'rs*, 833 F. Supp. 2d 513, 516 (D. Md. 2011) (internal citation omitted).  As the Fourth Circuit has said, "[w]here the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service." *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983) (internal citation and quotation marks omitted).

The Motion indicates that the only record that TMCM "received from Plaintiff was an envelope addressed to its facility located at its Annapolis Junction facility . . . ." ECF 8-1 at 4-5.  However, this facility is not TMCM's principal place of business, which is located at Suite 110, 8510 Corridor Road, Savage, Maryland 20763.  ECF 8-1 at 2; *see* ECF 8-3.  Moreover, the mailing "did not identify anyone otherwise authorized to accept service of process, but rather was received by a Human Resources Assistant."  *Id.*

Transit also avers that the return receipt for plaintiff's purported service on Corporation Trust failed to comply with Maryland law regarding service of process via certified mail. In particular, TMCM asserts that the return receipt docketed with the Court "is undated, [and] is missing the 'article number sticker' from the service label . . . ." ECF 8-1 at 2; *see* ECF 7.  And, defendant observes that the purported signature appears to be a scribbled dash and instead of the printed name of the recipient, there are simply the initials, 'R.H.'"  ECF 8-1 at 2-3; *see* ECF 7. Although TMCM contacted Corporation Trust, it "has been unable to ascertain whether [Corporation Trust] received a mailing from Plaintiff and the contents of such mailing."  ECF 8-1

at 3.  In addition, there is no indication that Sparks sent these mailings via restricted delivery.  *See* ECF 7.  Furthermore, TMCM notes that the mailing received at Regional did not include a copy of the Amended Complaint.  ECF 8-1 at 5; *see* ECF 8-2.

Sparks does not dispute any of these facts.  Although Sparks asserts that she "served a notice of the Complaint" on Corporation Trust, she seems to acknowledge that she failed to include a copy of the Amended Complaint with her mailings.   ECF 10 at 1.  Defendant contends that an oversight of this nature amounts to a violation of Fed. R. Civ. P. (4)(c).  ECF 8-1  at 4-5.

Plaintiff has not shown that she rendered effective service of process on defendant, in compliance with Fed. R. Civ. P. 4(h), Md. Rule 2-124(d), or Md. Rule 2-121(a).  More than three months have passed since plaintiff filed the Amended Complaint.   And, under Rule 4(m), a plaintiff must serve a defendant "within 90 days after the complaint is filed."  But, Rule 4(m) also provides that, "if the plaintiff shows good cause for the failure [to effect service], the court must extend the time for service for an appropriate period."  *Id.*

In the context of Rule 4(m), "good cause" entails "some showing of diligence on the part of the plaintiffs."  *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019).  In general, this occurs "when the failure of service is due to external factors, such as the defendant's intentional evasion of service."  *Id.*

Several district judges in the Fourth Circuit have observed that it is unclear whether Rule 4(m) vests a court with discretion to grant an extension of the service deadline, in the absence of good cause.  *See, e.g.*, *Escalante v. Tobar Constr.*, PX-18-980, 2019 WL 109369, at *1 n.1 (D. Md. Jan. 3, 2019); *Lehner v. CVS Pharmacy*, RWT-08-1170, 2010 WL 610755, at *2 (D. Md. Feb. 17, 2010); *Knott v. Atlantic Bingo Supply, Inc.*, JFM-05-1747, 2005 WL 3593743 (D. Md. Dec. 22, 2005); *Hoffman v. Balt. Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005).

Nevertheless, even if good cause is no longer an absolute requirement under Rule 4(m), "the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule." *Hoffman*, 379 F. Supp. 2d at 786; *see also Lehner*, 2010 WL 610755, at *3. And, courts in this district have concluded that dismissal is appropriate where the Court reminds the plaintiff of his obligation under Rule 4, and he nonetheless fails to effect service of process. *See, e.g.*, *Combs v. Shapiro & Burson LLP*, GJH-15-846, 2016 WL 1064459, at *4 (D. Md. Mar. 14, 2016); *McGinley v. Cent. Mortg. Co.*, TDC-14-3280, 2015 WL 5052762, at *2 (D. Md. Aug. 25, 2015).

But, good cause to waive the time requirement in Rule 4(m) does not turn on the "possibility that Plaintiff's claims will be time-barred if dismissed without prejudice." *Knott*, 2005 WL 3593743, at *2; *see also Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 293 (D. Md. 2013) ("'[T]he good cause inquiry . . . implicates the reason for failure to effect service, not the severity of the consequences.' Accordingly, 'it is of no moment that the statute of limitations may pose a barrier to a new complaint . . . .'") (citations and quotations omitted), *aff'd*, 546 Fed. App'x 187, 188 (4th Cir. 2013) (per curiam), *cert. granted*, 574 U.S. 988 (2014), *cert. dismissed*, 574 U.S. 1068 (2015). However, that circumstance requires the court to act prudently before dismissing a case for failure to serve within the time prescribed by the rule.

Transit insists that Sparks has not offered the Court a justification for her noncompliance with the Federal Rules, in spite of the Court's warning that failure to do so could subject the Amended Complaint to dismissal. *See* ECF 8-1 at 6; ECF 11 at 2-4. The defendant maintains that plaintiff has only attempted to excuse her failure to effect proper service by indicating that she misunderstood the Clerk's directions. *See* ECF 10.

However, that assertion overlooks that the Court prematurely issued the Show Cause Order, as noted.  And, the defendant filed the Motion well before the expiration of the Rule 4(m) deadline.  Since then, the parties have been engaged in the briefing of the Motion.  Plaintiff, who is pro se, most likely would not have understood that she could continue to try to effect service during the pendency of the Motion.  In addition, TMCM has received actual notice of plaintiff's suit.

Therefore, I am persuaded that it is appropriate to grant plaintiff an additional opportunity to effectuate proper service on defendant.  *See Pugh*, 2014 WL 2964415, at *3 ("Where there is no prejudice to the defendant and 'there exists a reasonable prospect that service may yet be obtained,' dismissal is inappropriate, and courts have generally allowed the plaintiff another opportunity to effect service.") (quoting *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

### III.  Conclusion

For the reasons set forth above, I shall deny the Motion, without prejudice.  The Clerk shall provide a blank summons form to plaintiff for use in serving defendant.  Plaintiff shall properly complete it and return it to the Clerk.  The Clerk shall then issue summons as to defendant and return same to plaintiff.

Plaintiff is directed to effect service on defendant, in compliance with the requirements as described in my Order of August 9, 2021, within 45 days of the date summons is issued.

An Order follows.

Date: December 2, 2021                              _____/s/_____

                                                                Ellen L.  Hollander
                                                                United States District Judge